UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN MILLER,

     Plaintiff,

v.

                                        Hon. Robert J. Jonker

GM FINANCIAL,

                                         Case No. 1:23-cv-1305

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff DeShawn Miller paid the filing fee and filed his complaint in this action on December 15, 2023, against Defendant GM Financial. Having reviewed Plaintiff's complaint, I recommend that the Court dismiss this action for lack of jurisdiction.

The complaint, in its entirety, alleges the following:

Breach of contract; security fraud. I sent GM Financial a notice of claims giving them 5 business [days] to respond or comply with my written instructions, so far it's been 15 days passed [sic] the deadline, they're neglecting their fiduciary duty and we're dealing with securities so therefore it's security fraud.

(ECF No. 1.)

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). It is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations

of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008).

While Plaintiff may have some claim, his cursory complaint states insufficient facts to support a valid legal claim (federal or state). Because there is not enough information for a court to understand the claim, it must be deemed "devoid of merit" and "unsubstantial." *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (dismissal for lack of subject-matter jurisdiction is appropriate when a complaint is so "completely devoid of merit as not to involve a federal controversy").

Accordingly, I recommend that the Court **dismiss** this action for lack of subject matter jurisdiction. *Apple*, 183 F.3dd at 479.

Date:  December 21, 2023                           /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).